**FLASTER/GREENBERG P.C.**
Jeffrey A. Cohen, Esquire (No. 009202002)
jeffrey.cohen@flastergreenberg.com
Scott C. Oberlander, Esquire (No. 017202011)
scott.oberlander@flastergreenberg.com
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
Telephone: (856) 661-1900
*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| SIMRAN SERVICES LLC, MANDEEP OBEROI, MD, NARINDERPAL NARULA and VIKRAM GUPTA, | : : : : : | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY CHANCERY DIVISION GENERAL EQUITY |
| Plaintiffs, | : : | |
| v. | : : | DOCKET NO.: C-72-17 |
| EVEREST FOODS INC., RAJA JHANJEE, and VICKY VIJ | : : : | SUMMONS DIRECTED TO RAJA JHANJEE |
| Defendants. | : | |

### FROM THE STATE OF NEW JERSEY, TO THE DEFENDANT NAMED ABOVE:

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court)

must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to the plaintiffs' attorney, whose name and address appear above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.   A copy is also attached hereto.

FLASTER/GREENBERG P.C.

Jeffrey A. Cohen, Esquire
*Attorney for Plaintiffs*

By:   *s/Michelle M. Smith*

Michelle M. Smith
*Clerk of the Superior Court*

Dated:  4/18/2017
Name of Defendant to be Served:
Address of Defendant to be Served:

Raja Jhanhee
34 Ramkay Dr, Fairfield, Essex
County, NJ  07004

2

See individual counties for Lawyer Referral/Legal Services

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Division, Direct Filing<br>1201 Bacharach Boulevard,<br>1st Fl.<br>Atlantic City, NJ 08401<br>LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Division, Room 115<br>Justice Center, 10 Main St.<br>Hackensack, NJ 07601<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **BURLINGTON COUNTY:**<br>Deputy Clerk of the<br>Superior Ct.<br>Central Processing Office<br>Attn:  Judicial Intake<br>First Fl., Courts Facility<br>49 Rancocas Road<br>Mt. Holly, NJ 08060<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **CAMDEN COUNTY:**<br>Deputy Clerk of the Superior<br>Ct.<br>Civil Processing Office<br>Hall of Justice<br>1st Fl., Suite 150<br>101 South 5th Street<br>Camden, NJ 08103<br>LAWYER REFERRAL<br>(856) 482-0618<br>LEGAL SERVICES<br>(856) 964-2010 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>9 N. Main Street<br>Cape May Court House, NJ 08210<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Case Management Office<br>60 West Broad Street<br>P.O. Box 10<br>Bridgeton, NJ 08302<br>LAWYER REFERRAL<br>(856) 696-5550<br>LEGAL SERVICES<br>(856) 691-0494 | **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Customer Service<br>Hall of Records, Room 201<br>465 Dr. Martin Luther King Jr.<br>Blvd.<br>Newark, NJ 07102<br>LAWYER REFERRAL<br>(973) 622-6204<br>LEGAL SERVICES<br>(973) 624-4500 | **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior<br>Ct.<br>Civil Case Management Office<br>Attn:  Intake<br>First Fl., Court House<br>1 North Broad Street<br>Woodbury, NJ 08096<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 |
| **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Superior Court<br>Civil Records Dept<br>Brennan Court House - 1st Floor<br>583 Newark Ave.<br>Jersey City, NJ 07306<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 | **HUNTERDON COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08862<br>LAWYER REFERRAL<br>(908) 236-6109<br>LEGAL SERVICES<br>(908) 782-7979 | **MERCER COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Local Filing Office, Courthouse<br>175 South Broad St.<br>P.O. Box 8068<br>Trenton, NJ  08650<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **MIDDLESEX COUNTY:**<br>Deputy Clerk of the Superior<br>Ct.<br>Middlesex Vicinage<br>2nd Floor – Tower<br>56 Paterson Street<br>PO Box 2633<br>New Brunswick, NJ 08903-<br>2633<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 |
| **MONMOUTH COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Court House<br>P.O. Box 1269<br>Freehold, NJ  07728-1269<br>LAWYER REFERRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **MORRIS COUNTY:**<br>Morris County Courthouse<br>Civil Division<br>Washington and Court Streets<br>P.O. Box 910<br>Morristown, NJ 07960-0910<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **OCEAN COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>118 Washington Street, Room<br>121<br>P.O. Box 2191<br>Toms River, NJ  08754-2191<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **PASSAIC COUNTY:**<br>Deputy Clerk of the Superior<br>Ct.<br>Civil Division<br>Court House<br>77 Hamilton Street<br>Paterson, NJ  07505<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 523-2900 |
| **SALEM COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Attn:  Civil Case Management<br>Office<br>92 Market Street<br>Salem, NJ 08079<br>LAWYER REFERRAL<br>(856) 935-5629<br>LEGAL SERVICES<br>(856) 691-0494 | **SOMERSET COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Division<br>P.O. Box 3000<br>40 North Bridge Street<br>Somerville, NJ 08876<br>LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 | **SUSSEX COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Sussex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 | **UNION COUNTY:**<br>Deputy Clerk of the Superior<br>Ct.<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207-6073<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **WARREN COUNTY:**<br>Deputy Clerk of the Superior Ct.<br>Civil Division Office<br>Court House, 413 Second Street<br>Belvidere, NJ  07823-1500<br>LAWYER REFERRAL<br>(908) 859-4300<br>LEGAL SERVICES<br>(908) 475-2010 | | | |

3

**FLASTER/GREENBERG P.C.**
Jeffrey A. Cohen, Esquire (No. 009202002)
jeffrey.cohen@flastergreenberg.com
Scott C. Oberlander, Esquire (No. 017202011)
scott.oberlander@flastergreenberg.com
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
Telephone: (856) 661-1900
*Attorneys for Plaintiffs*

*MAR 3 0 2017*

|  |  |  |
|---|---|---|
| SIMRAN SERVICES LLC, MANDEEP OBEROI, MD, NARINDERPAL NARULA and VIKRAM GUPTA, | : : : : | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY |
| Plaintiffs, | : : | CHANCERY DIVISION GENERAL EQUITY |
| v. | : : | DOCKET NO.: *C-72-17* |
| EVEREST FOODS INC., RAJA JHANJEE, and VICKY VIJ | : : | VERIFIED COMPLAINT |
| Defendants. | : : | |

Plaintiffs, Simran Services LLC ("Simran"), Mandeep Oberoi, MD ("Oberoi"), Narinderpal Narula ("Narula") and Vikram Gupta ("Gupta") (collectively, "Plaintiffs"), by and through their attorneys, Flaster Greenberg, P.C., file this Verified Complaint against Defendants, Everest Foods Inc. ("Everest"), Raja Jhanjee ("Jhanjee"), and Vicky Vij ("Vij") (collectively, "Defendants"), and aver as follows:

## PARTIES

1.     Plaintiff Simran Services LLC is limited liability company organized under the New Jersey Limited Liability Company Act, with a principal place of business located at 16 Cornwall Road, Glen Rock, NJ 07452.

2.      Plaintiffs Mandeep Oberoi, MD and Narinderpal Narula are the two members of Simran.  Oberoi's principal residence is 1901 Woodbridge Commons Way, Iselin, NJ  08830, and Narula's principal residence is 16 Cornwall Road, Glen Rock, NJ  07452.

3.      Plaintiff Vikram Gupta is an adult resident of the State of New Jersey, with a principal residence located at 8 Elijah Ct, Montville, NJ  07045.

4.      Defendant Everest Foods Inc. is a New York corporation with a principal place of business located at 217 East 49th Street, New York, NY  10017.

5.      Defendant Raja Jhanjee is a resident of the State of New Jersey, with his principal residence located at 34 Ramkay Dr, Fairfield, Essex County, NJ  07004.

6.      Defendant Vicky Vij is a resident of the State of New Jersey, with her principal residence located at 5 Ramkay Dr, Fairfield, Essex County, NJ  07004.

## FACTS

7.      On May 14, 2013, Plaintiffs, Jhanjee, Vij, and two other individuals entered into the Everest Foods Inc. Stockholders Agreement ("the Stockholders Agreement").  *See* Stockholders Agreement, attached as Exhibit "A".

8.      The Stockholders Agreement mandates that its validity, interpretation, and enforcement is governed by the laws of the State of New Jersey, without regard to its conflict of laws principles. *Id.* at § 15(d).

9.      As the majority of parties are citizens of the State of New Jersey and the Stockholders Agreement requires that New Jersey law be applied to all disputes, jurisdiction and venue are proper in the State of New Jersey.

2

10.     Everest is an S-Corporation formed primarily "to own and operate a restaurant and bar known as 'Bukhara Grill', located at 217 East 49th Street, New York, New York 10017." *Id.* at §3.

11.     While Bukhara Grill has been the primary restaurant operated by Everest (and only restaurant continuously in business) since the execution of the Stockholders Agreement, Everest has opened and closed unsuccessful additional restaurants and other business ventures since May 14, 2013.

12.     Under the Stockholders Agreement, a total of 200 shares of Everest, representing shareholders' proportional ownership interests in Everest, were divided among the parties to this action and other individuals. *Id.* at § 4 and Schedule A.

13.     Jhanjee and Vij initially were to each receive 50 membership shares (25% percentage interest), giving them a collective 50% interest in Everest. *Id.* at Schedule A.

14.     Simran was to receive 50 membership shares, giving it a 25% interest in Everest.[1] *Id.*

15.     Gupta was to receive 20 membership shares, giving him a 10% interest in Everest. *Id.*

16.     Bachan Rawat, a friend of Jhanjee and Vij who has served as head chef of Bukhara Grill since the restaurant opened, was to receive 10 membership shares, giving him a 5% interest in Everest. *Id.*

17.     Tirun Gopal ("Gopal") was to initially receive 20 membership shares, giving him a 10% interest in Everest. *Id.*

---

[1] While the Stockholders Agreement indicates that Simran is the shareholder, because a limited liability company cannot be a shareholder of an S-Corporation, Simran's shares were actually issued to Oberoi and Narula individually, and Oberoi and Narula are considered direct owners of shares of Everest.

18.    While the shareholders' initial capital contributions, collectively totaling $50,000 among all shareholders, are outlined in the Stockholders Agreement, Jhanjee and Vij represented to Plaintiffs that Everest was worth $1,600,000.

19.    Based upon Jhanjee and Vij's representations and the resulting valuation, Oberoi and Narula initially agreed to acquire their collective 25% interest in Everest for $400,000. *See* Proposed Stockholder Surrender Agreement, attached as Exhibit "B".[2]

20.    As part of their purchase, they paid $240,000 up-front for 15% of Everest, and tentatively agreed to pay the remaining $160,000 over the subsequent two years. *Id.*

21.    Based upon Jhanjee and Vij's subsequent conduct, however, Oberoi and Narula notified Jhanjee and Vij that they did not wish to move forward with its purchase of the additional 10% interest in Everest.

22.    Accordingly, Simran's members, Oberoi and Narula, currently own a collective 15% interest in Everest, while Gupta owns a 10% interest in Everest.

23.    Section 7 of the Stockholders Agreement requires the consent of all shareholders for acquisitions of stock in Everest. *See* Exhibit "A" at § 7.

24.    In 2014, Jhanjee and Vij purportedly purchased Gopal's shares in Everest, giving them a collective 70% ownership interest in Everest.

25.    However, when Jhanjee and Vij purportedly acquired Gopal's ownership interest, they failed to seek or obtain the consent of all shareholders.

26.    Additionally, since May 14, 2013, Jhanjee and Vij have consistently exhibited a lack of transparency, proper disclosure and honesty towards Plaintiffs.

---

[2] The parties never executed the Stock Surrender Agreement.

4

27.     Plaintiffs have repeatedly requested access to all of Everest's books, accounts, payroll activity, tax returns, and other necessary business information. *See* various emails among shareholders and shareholder meeting minutes, attached as Exhibit "C".

28.     Despite Plaintiffs' repeated demands, Jhanjee and Vij have failed to provide Plaintiffs with the requested information, instead refusing to provide the books, accounts, payroll activity, tax returns, and other necessary business information (with the exception of providing tax returns for the years 2013 and 2014).

29.     Typically, Plaintiffs' requests are met with distraction tactics, responses in a rude and condescending tone towards Plaintiffs, or simply no response. *Id.*

30.     In addition to withholding key business information from Plaintiffs, Jhanjee and Vij inappropriately made key decisions relating to Everest without the consent of Plaintiffs, often rising to the level of fraud.

31.     For example, Jhanjee and Vij decided to "hire" their respective wives, Malini Jhanjee and Sushma Vij, as sham Everest employees, designating their positions as "marketing" employees for Bukhara Grill and other since-dissolved ventures.

32.     Jhanjee and Vij paid their wives salaries, but Malini Jhanjee and Sushma Vij performed no work for Everest at any time.

33.     However, Jhanjee and Vij never sought nor received the consent of Plaintiffs to hire or compensate Malini Jhanjee and Sushma Vij.

34.     Jhanjee and Vij also took out disbursements for themselves without having the right to do so or providing any disbursements to Plaintiffs, who would have been entitled under the Stockholders Agreement to a pro rata share of any disbursements made.

35.     However, Jhanjee and Vij never sought nor received the consent of Plaintiffs to take out disbursements.

36.     Finally, Everest's Schedule K-1 Forms contain entries showing distributions made to Plaintiffs that Plaintiffs never received, indicating that Jhanjee and Vij knowingly and willfully recorded distributions to the minority shareholders on tax forms which they, in fact, never paid to those minority shareholders. *See* portions of K-1 forms provided to Plaintiffs, attached as Exhibit "D".

37.     Jhanjee and Vij prepared, or caused to be prepared, the tax returns and Schedule K-1 Forms without disclosing anything to, or seeking input from, Plaintiffs.

38.     Jhanjee and Vij prepared Everest's tax returns knowing the information on the Schedule K-1 Forms was inaccurate.

39.     Jhanjee and Vij's negligent and fraudulent acts have caused substantial harm to Everest and its remaining shareholders.

40.     For example, as indicated in Everest's tax returns for 2013 and 2014, Everest had gross sales in 2013 of $1,319,309, while the gross sales dropped nearly 90% to $164,250 in 2014. *See* Everest's tax returns of 2013 and 2014, attached as Exhibit "E".

41.     Plaintiffs are not aware of Everest's gross sales for 2015 because Everest's 2015 tax returns are among the documents that Jhanjee and Vij have refused to provide.

42.     Plaintiffs' investment in Everest continues to diminish in value and will do so as long as Jhanjee and Vij are permitted to run the company.

<u>COUNT ONE</u>
**INJUNCTIVE RELIEF AND THE APPOINTMENT OF A RECEIVER**

43.     The previous allegations are incorporated herein by reference as though fully set

forth again herein.

44.     As set forth above, Jhanjee and Vij's negligent and fraudulent acts have caused substantial harm to Everest's remaining shareholders.

45.     Plaintiffs would suffer irreparable harm without the immediate issuance of a temporary restraining order, followed by a preliminary injunction and the appointment of a receiver to run Everest, as the value of their investment in Everest would continue to shrink, and they would face potential issues with the IRS and other authorities due to the activities of Jhanjee and Vij.

46.     As set forth more fully in Plaintiffs' Memorandum of Law in Support of their Order to Show Cause, Plaintiffs have demonstrated a high likelihood of succeeding on the merits of the remaining Counts of this Verified Complaint.

47.     Should Jhanjee and/or Vij deny any facts above under oath, Plaintiffs welcome the opportunity to demonstrate at a hearing why the Court should issue temporary restraining order, followed by a preliminary injunction, and appoint of a receiver to run Everest while this action is pending.

48.     The Court granting temporary relief pending the ultimate adjudication of Plaintiffs' claims would not be inimical to the public at large, as the public has an interest in the effective operation of private companies, especially those in the service industry.

49.     Similarly, the Court granting the relief requested by Plaintiffs would not be detrimental to Bachan Rawat, as his minority interest in the company would be best served by an Order preventing the majority shareholders from continuing to engage in their actions harming Everest.

50.     The hardship Plaintiffs would suffer should the Court not issue temporary relief

significantly outweighs any "hardship" to Jhanjee and Vij that would result if the temporary relief is granted – i.e., the "hardship" of Jhanjee and Vij no longer being permitted to provide themselves and their relatives with improper distributions, falsify tax returns, make decisions for Everest without the consent of the remaining shareholders, or prevent Plaintiffs from accessing Everest's financial information that evidences the fraud that Jhanjee and Vij have committed.

51.     Control of Everest during the course of the litigation is in issue, and the existence of Everest may be threatened without immediate relief preventing Jhanjee and Vij from continuing to make decisions on behalf of Everest and the appointment of a receiver to run Everest.

**COUNT TWO**
**FRAUD**

52.     The previous allegations are incorporated herein by reference as though fully set forth again herein.

53.     As set forth more fully above, Jhanjee and Vij, as majority shareholders of Everest, have intentionally engaged in conduct to defraud Plaintiffs, as minority shareholders.

54.     As set forth more fully above, the fraudulent conduct of Jhanjee and Vij consisted of providing themselves and their relatives with improper distributions, falsifying tax returns, making decisions for Everest without the consent of the remaining shareholders, and preventing Plaintiffs from accessing Everest's key financial documents, likely because those documents demonstrate the improper payments that Jhanjee and Vij have made to themselves and their families.

55.     Jhanjee and Vij engaged in the above conduct fully knowing that they were making misrepresentations, intending for Plaintiffs to rely upon them.

56.     Throughout the period that the Stockholders Agreement has been in effect, Plaintiffs have detrimentally relied upon Jhanjee and Vij's repeated misrepresentations that they were acting in good faith, were not making any decisions that were not in the best interest of all shareholders, and would provide Everest's key financial documents in a timely fashion.

57.     As a direct and proximate result of Jhanjee and Vij's fraudulent conduct and Plaintiffs' reliance on their representations, Plaintiffs have suffered substantial damages, including, but not limited to, the loss of their investment money, profits and interest that could have been earned if Jhanjee and Vij had not acted in violation of the Stockholders Agreement, and the loss of future profits.

## COUNT THREE
## CIVIL CONSPIRACY TO COMMIT FRAUD

58.     The previous allegations are incorporated herein by reference as though fully set forth again herein.

59.     By taking improper distributions for themselves, fabricating employment positions for their relatives and paying them salaries, falsifying tax returns, and preventing Plaintiffs from gaining access to key financial documents, Jhanjee and Vij agreed and conspired with one another to act together in concert to engage in a scheme to violate the Stockholders Agreement for their own financial benefit and to the detriment of the remaining shareholders of Everest.

60.     Jhanjee and Vij conspired for the unlawful purpose of defrauding Plaintiffs, as alleged more fully above.

61.     Plaintiffs relied on the untruthful and misleading representations made by the Jhanjee and Vij.

9

62.   The untruthful and misleading representations made by Jhanjee and Vij were made with knowledge of their falsity and with the intent that Plaintiffs would rely on them to their detriment, for the collective profit of the Jhanjee and Vij.

63.   By their successful efforts, Jhanjee and Vij acting together have defrauded Plaintiffs and caused them to become damaged in an amount to be determined at trial.

64.   Jhanjee and Vij are jointly and severally liable to Plaintiffs for the damages caused by their conspiracy to defraud Plaintiffs.

## COUNT FOUR
## BREACH OF CONTRACT

65.   The previous allegations are incorporated herein by reference as though fully set forth again herein.

66.   In executing the Stockholders Agreement date May 14, 2013, Jhanjee and Vij, along with Plaintiffs, Bachan Rawat, and Gopal, accepted all obligations contained therein.

67.   Since the effective date of the Stockholders Agreement, Jhanjee and Vij have repeatedly violated the Stockholders Agreement by:

    a) Providing themselves improper compensation and distributions, in violation of §§ 4 (f) and (g);

    b) Fabricating employment positions for their relatives and paying them salaries, without notifying the remaining shareholders, in violation of § 4 (j);

    c) Falsifying tax returns and failing to provide the remaining shareholders with copies of Everest's federal, state, and local income tax returns, in violation of § 6 (f);

    d) Preventing Plaintiffs from gaining access to key financial documents that

would permit Simran to carry out its duties under § 6 (b)-(d); and

e) Arranging for the sale of Gopal's shares of Everest to Jhanjee and Vij without undergoing the process described in § 7.

68. Jhanjee and Vij committed the above-referenced actions with the intent to benefit themselves, to the detriment of Plaintiffs.

69. Jhanjee and Vij owed Plaintiffs contractual duties to follow the terms of the Stockholder Agreement, yet breached the contractual duties outline above, causing damages to Plaintiffs.

## COUNT FIVE
## BREACH OF FIDUCIARY DUTY

70. The previous allegations are incorporated herein by reference as though fully set forth again herein.

71. As majority shareholders, Jhanjee and Vij have a fiduciary duty to Everest and the remaining shareholders, including Plaintiffs.

72. As outlined in the Stockholders Agreement, Plaintiffs delegated discretionary authority to Jhanjee and Vij to make certain decisions on behalf of Everest.

73. Jhanjee and Vij were under a duty to act in the best interests of all shareholders of Everest, including Plaintiffs, within the scope of their positions as majority shareholders.

74. As set forth more fully above, Jhanjee and Vij breached their fiduciary duties by providing themselves improper compensation and distributions, fabricating employment positions for their relatives and paying them salaries without notifying the remaining shareholders, falsifying tax returns and failing to provide the remaining shareholders with copies of Everest's income tax returns, preventing Plaintiffs from gaining access to key financial

documents that would permit Simran to carry out its duties under the Stockholders Agreement, and arranging for the sale of Gopal's shares of Everest to Jhanjee and Vij without undergoing the process described in § 7 of the Stockholders Agreement.

75.     As a direct and proximate result of Jhanjee and Vij's misconduct, Plaintiffs have suffered substantial damages.

## COUNT SIX
## OPPRESSION OF MINORITY SHAREHOLDER RIGHTS

76.     The previous allegations are incorporated herein by reference as though fully set forth again herein.

77.     By providing themselves improper compensation and distributions, fabricating employment positions for their relatives and paying them salaries without notifying the remaining shareholders, falsifying tax returns and failing to provide the remaining shareholders with copies of Everest's income tax returns, preventing Plaintiffs from gaining access to key financial documents that would permit Simran to carry out its duties under the Stockholders Agreement, and arranging for the sale of Gopal's shares of Everest to Jhanjee and Vij without undergoing the process described in § 7 of the Stockholders Agreement, Jhanjee and Vij violated the oppressed minority shareholder provisions of the New Jersey Business Corporations Act. *See* N.J.S.A. § 14A:12-7.

78.     The close relationship between Jhanjee and Vij, combined with their collective 70% interest in Everest, has created a situation where they jointly make decisions on behalf of Everest as the majority shareholders, often ones in violation of the Stockholders Agreement, that benefit them, and only them, to the detriment of Plaintiffs.

79.     As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered

substantial damages.

80. Plaintiffs are therefore entitled to relief under the oppressed minority shareholders provisions of the Business Corporations Act, which can include the appointment of a custodian/provisional director to run Everest, ordering the sale of Everest's stock for fair market value, and/or dissolving Everest. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants ordering as follows:

a. A temporary restraining order, followed by a preliminary injunction, against Jhanjee and Vij, (1) preventing them from (a) withholding financial documents relating to Everest from Plaintiffs; (b) paying distributions to themselves without compensating Plaintiffs; (c) fabricating employment positions for their spouses; (d) falsifying tax returns; and (e) purchasing shares from additional shareholders without undergoing the process required under Everest's Stockholders Agreement; (2) requiring Jhanjee and Vij to provide Plaintiffs all of Everest's books, accounts, payroll activity, tax returns, and other necessary business information since May 14, 2014; and (3) appointing a temporary receiver to run Everest while the litigation is pending;

b. Equitable relief (1) removing Jhanjee and Vij as managing members of Everest; and (2) declaring that Jhanjee and Vij's acquisition of Gopal's shares of Everest are declared null and void, and that Gopal's shares are to be distributed on a pro rata basis to all shareholders of Everest;

c. The appointment of a custodian or provisional director to run Everest following the conclusion of this litigation;

d.      Compensatory damages reflecting all improper disbursements taken by Jhanjee and Vij for themselves and their relatives;

e.      Compensatory damages reflecting lost profits and valuation due to the actions of Jhanjee and Vij, as well as a disgorgement of profits improperly received by Jhanjee and Vij;

f.      Compensatory damages reflecting the payment of distributions to Plaintiffs that should have been made but were improperly withheld by Jhanjee and Vij;

g.      Treble damages;

h.      Punitive damages;

i.      All other damages available under the law;

j.      Interest, reasonable attorneys' fees and cost of suit shall awarded to the Plaintiff; and,

k.      Such other relief as this Honorable Court deems just and proper.

Date:   March 29, 2017                    FLASTER/GREENBERG P.C.

                                          By:_____
                                             Jeffrey A. Cohen, Esquire
                                             Scott C. Oberlander, Esquire
                                             *Attorneys for Plaintiffs*

14

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE THAT** pursuant to Rule 4:25-4, Jeffrey A. Cohen, Esquire is hereby designated trial counsel in this litigation on behalf of Plaintiffs.

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE THAT** Plaintiffs hereby demand a trial by jury on all issues so triable.

Date:   March 29, 2017                                    **FLASTER/GREENBERG P.C.**

                                                          By: _____
                                                              Jeffrey A. Cohen, Esquire
                                                              Scott C. Oberlander, Esquire
                                                              *Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to the provisions of Rule 4:5-1, I hereby certify as follows:

1.      The matter in controversy is not the subject of any other pending action in any other court or of a pending arbitration proceeding.

2.      It is contemplated that the matter in controversy will not become the subject of any other action in any court or of a pending arbitration proceeding.

3.      Plaintiffs are not aware of any other party that needs to be joined in this proceeding.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date:   March 29, 2017                            FLASTER/GREENBERG P.C.

By: _____
       Jeffrey A. Cohen, Esquire
       Scott C. Oberlander, Esquire
       *Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT

State of New Jersey

County of ___PASSAIC___

     Vikram Gupta, of full age, being duly sworn, says:

1.     I am a Plaintiff in the foregoing Verified Complaint.

2.     The allegations of the foregoing Verified Complaint are true and correct to the

best of my personal knowledge and belief.

_____
Vikram Gupta

Sworn and subscribed to
Before me this __23__
day of __MARCH__, 2017.

_____
Notary Public

**MOHAMMAD MATARI**
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES: December 7, 2019

## VERIFICATION OF COMPLAINT

State of New Jersey

County of ___Middlesex___

     Mandeep Oberoi, MD of full age, being duly sworn, says:

1.      I am a Plaintiff in the foregoing Verified Complaint and a member of Simran

      Services LLC, also a Plaintiff in the foregoing Verified Complaint.

2.      The allegations of the foregoing Verified Complaint are true and correct to the

      best of my personal knowledge and belief.

_____
Mandeep Oberoi, MD

Sworn and subscribed to
Before me this __31__
day of __March__, 2017.

_____
Notary Public

**RENU GANDHI**
**NOTARY PUBLIC OF NEW JERSEY**
**I.D. # 50018212**
My Commission Expires 6/23/2020

3/31/17

C-72-17

## VERIFICATION OF COMPLAINT

State of New Jersey

County of _Berger_

Narinderpal Narula, of full age, being duly sworn, says:

1.   I am a member of Simran Services LLC, a Plaintiff in the foregoing Verified

Complaint.

2.   The allegations of the foregoing Verified Complaint are true and correct to the

best of my personal knowledge and belief.

_____
Narinderpal Narula

Sworn and subscribed to
Before me this _23rd_
day of _MARCH_____, 2017.

APR    2017

_____
Notary Public

JELENA ILIC
Notary Public - State of New Jersey
My Commission Expires Dec 22, 2021

C-72-17