**FLASTER/GREENBERG P.C.**
Jeffrey A. Cohen, Esquire (No. 009202002)
jeffrey.cohen@flastergreenberg.com
Scott C. Oberlander, Esquire (No. 017202011)
scott.oberlander@flastergreenberg.com
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
Telephone: (856) 661-1900
*Attorneys for Plaintiffs*



FILED MAR 31 2017
\_\_ALD A. KESSLER, J.S.C.

| | |
|---|---|
| SIMRAN SERVICES LLC, MANDEEP OBEROI, MD, NARINDERPAL NARULA and VIKRAM GUPTA,<br><br>Plaintiffs,<br><br>v.<br><br>EVEREST FOODS INC., RAJA JHANJEE, and VICKY VIJ<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br>CHANCERY DIVISION<br>GENERAL EQUITY<br><br>DOCKET NO.: C-77-17<br><br>**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS PURSUANT TO RULE 4:52** |

THIS MATTER being brought before the Court by Flaster Greenberg, P.C., attorneys for Plaintiffs, Simran Services LLC ("Simran"), Mandeep Oberoi, MD ("Oberoi"), Narinderpal Narula ("Narula") and Vikram Gupta ("Gupta") (collectively, "Plaintiffs"), seeking relief by way of temporary restraints pursuant to Rule 4:52, based upon the facts set forth in the Verified Complaint and Memorandum of Law filed herewith; and it appearing that immediate and irreparable damage will probably result before notice can be given and a hearing held, and for good cause shown.

It is on this 31 day of March, 2017, ORDERED that Defendants, Raja Jhanjee ("Jhanjee") and Vicky Vij ("Vij"), appear and show cause before the Superior Court of New Jersey, Essex County, Chancery Division – General Equity at the Wilentz Justice Complex,

*Denied - See attached Statement of Reasons*

1

at 212 Washington Street, Newark, NJ 07102 at _____ __.m., or as soon thereafter as counsel can be heard, on the _____ day of _____, 2017, why an Order should not be issued preliminarily enjoining and restraining Jhanjee and Vij, from:

    A.    Withholding financial documents relating to Defendant, Everest Foods Inc. ("Everest") from Plaintiffs;

    B.    Paying distributions to themselves without compensating Plaintiffs;

    C.    Fabricating employment positions for their spouses;

    D.    Falsifying tax returns; and

    E.    Purchasing shares from additional shareholders without undergoing the process required under Everest's Stockholders Agreement.

On the hearing date, Jhanjee and Vij shall also show cause why an Order should not be issued:

    A.    Requiring Jhanjee and Vij to provide Plaintiffs all of Everest's books, accounts, payroll activity, tax returns, and other necessary business information since May 14, 2014;

    B.    Appointing Reynold P. Cicalese, CPA, PFS, CGMA, Managing Shareholder of the accounting and advisory firm Alloy, Silverstein, Shapiro, Adams, Mulford, Cicalese, Wilson & Co., to serve as Everest's receiver for the remainder of this action; and

    C.    Allowing such other relief as the Court deems equitable and just.

AND it is further ORDERED that pending the return date herein, Jhanjee and Vij are temporarily enjoined and restrained from:

    A.    Withholding financial documents relating to Defendant, Everest Foods Inc.

("Everest") from Plaintiffs;

B. Paying distributions to themselves without compensating Plaintiffs;

C. Fabricating employment positions for their spouses;

D. Falsifying tax returns; and

E. Purchasing shares from additional shareholders without undergoing the process required under Everest's Stockholders Agreement.

IT IS further ORDERED that:

1. Jhanjee and Vij may move to dissolve or modify the temporary restraints herein contained on two (2) days' notice to Plaintiffs' counsel.

2. True copies of this Order to Show Cause with Temporary Restraints, Plaintiffs' Verified Complaint, Plaintiffs' Memorandum of Law filed with this application, and the Certification of Jeffrey A. Cohen, Esq. submitted in support of this Application be served upon Jhanjee and Vij by personal service, or if good faith attempts at personal service are unsuccessful, by certified mail, return receipt requested and by regular mail, with postage prepaid, addressed to their usual places of business or last known addresses, within ____ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

3. Plaintiffs must file with the Court their Proof of Service of the pleadings on Jhanjee and Vij no later than three (3) days before this matter is scheduled to be heard.

4. Jhanjee and Vij shall file and serve a written response to this Order to Show Cause and the request for entry of injunctive relief and Proof of Service by _____, 2017. The original documents must be filed with the Clerk of the Superior Court in Essex County. A directory of these offices is available in the Civil Division Management Office in Essex County and online at

3



http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. You must send a copy of your opposition papers directly to Judge _____, whose address is _____, New Jersey. You must also send a copy of your opposition papers to Plaintiffs' attorney, whose name and address appears above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ _____ and serve your opposition on Plaintiffs' attorney, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

5. Plaintiffs must file and serve any written reply to Jhanjee and Vij's Opposition to the Order to Show Cause by _____, 2017. The reply papers must be filed with the Clerk of the Superior Court in Essex County and a copy of the reply papers must be sent directly to the chambers of Judge _____.

6. If Jhanjee and Vij do not file and serve opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiffs file a Proof of Service and a Proposed Form of Order at least three days prior to the return date.

7. If Plaintiff have not already done so, a Proposed Form of Order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

8. Jhanjee and Vij take notice that Plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey, Essex County, Chancery Division – General Equity. The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit. If you dispute this Verified Complaint, you, or your attorney, must file a written Answer to the Verified Complaint and Proof of Service within 35 days from the date of service of this Order to Show

Cause; not counting the day you received it.

These documents must be filed with the Clerk of the Superior Court in Essex County. A directory of these offices is available in the Civil Division Management Office in Essex County and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. Include a $_____ filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to Plaintiffs' attorney, whose name and address appear above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the Order to Show Cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief Plaintiffs demand.

9. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in EssexCounty and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

10. The court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and parties are advised to the contrary no later than _____ days before the return date.

*Paul A. (signature)*

Honorable __Donald A. Kessler, J.S.C._____, J.S.C.

5

## STATEMENT OF REASONS

Plaintiff moves for temporary and interlocutory restraints regarding the operation of Defendant Everest Foods, Inc., a New York Corporation. In this regard, the shareholder agreement annexed as Exhibit A to Plaintiff's application clearly reflects that Defendant Everest Foods, Inc., is a New York Corporation. Plaintiff seeks remedies under the New Jersey business corporation law based on principles of corporate oppression. The New Jersey business corporation law applies to New Jersey companies, not New York companies. Furthermore, Plaintiff does not set forth the dates on which immediate irreparable harm was allegedly suffered. The complaint refers to events in 2014 and 2015. Such harm, even if established, would not be immediate irreparable harm since the failure to seek timely relief serves as a waiver of the right to seek immediate emergency injunctive relief. Injunctions are entered sparingly in cases where an emergency is established. No such emergency is established here.