

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**JEFFREY A. COHEN, ESQUIRE**
Member of the NJ, PA & NY Bar
Direct Dial: (856) 382-2240
E-Mail: jeff.cohen@flastergreenberg.com
*PLEASE RESPOND TO CHERRY HILL*

May 31, 2017

**VIA ECF**
Honorable John Michael Vazquez, U.S.D.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S. P.O. & Cthse.
Room 417
2 Federal Sq.
Newark, NJ 07102

      Re:  Simran Services LLC, et al. v. Everest Foods Inc., et al.
            Case No. 2:17-cv-03808 JMV-JBC

Dear Judge Vazquez:

      We respectfully submit this letter on behalf of the plaintiffs, Simran Services, LLC, Mandeep Oberoi, MD, Narindarpal Narula and Vikram Gupta ("Plaintiffs"), to request a conference with the Court at the Court's earliest opportunity.

      Plaintiffs are minority shareholders of Everest Foods Inc. ("Everest Foods"), a company that has allowed its majority shareholders, defendants Raja Jhanjee and Vicky Vij (collectively, "Defendants") to engage in fraud, self-dealing and oppression of the minority shareholders. Defendants' improper acts include, but are not limited to, the majority shareholders taking distributions and the assets of Everest Foods, without disclosure to or consent from Plaintiffs. As majority shareholders, Defendants further provided company assets to their spouses, also without the disclosure and consent of the minority shareholders. Tellingly, Defendants have attempted to conceal their improper actions by failing to provide the books and records of Everest Foods, despite repeated requests.

      In light of Defendants' actions and refusals to provide information and documentation to which Plaintiffs are entitled as shareholders of Everest Foods, Plaintiffs filed an action in the Superior Court of New Jersey, Essex County Chancery Division, on March 30, 2017. Plaintiffs filed an Order to Show Cause and Verified Complaint, seeking injunctive and immediate relief. The Superior Court judge promptly issued an Order requiring that the Defendants be served with the pleadings and denying relief until such time as Defendants could substantively respond. However, the Superior Court Judge's first ruling appeared to have been on a misreading of certain facts; in particular, the Court failed to take notice of certain provisions in the Operating

Hon. John Michael Vazquez, U.S.D.J.
May 31, 2017
Page 2

Agreement.  Upon reconsidering the information, the Court scheduled a telephonic hearing to address the immediate relief sought.

In an effort to further delay disclosure of information and, possibly, to give Defendants additional time to remove the assets of Everest Foods, Defendants filed a Notice of Removal immediately before the hearing before the Superior Court of New Jersey.  This office immediately contacted Defendants' counsel, Sanjay Chaubey, and demanded that Defendants provide full and complete documentation and information regarding the company, and distributions made (including, but not limited to, distributions to Defendants and their relatives), by April 26, 2017.  A copy of the April 24, 2017 email is attached hereto as Exhibit A.  Defendants have failed to provide a single document or any information, stating that Plaintiffs' exhibits to the Order to Show Cause and Verified Complaint constitute all "relevant documents."  A copy of Defendants' counsel's response is attached hereto as Exhibit B.

Defendants have also since sought an extension to their time to answer the Verified Complaint in the Southern District of New York, thus creating further delay, by representing to this Court that there were good faith negotiations proceeding.  In fact, Defendants did not negotiate in good faith and have recently been ignoring Plaintiffs' outreach efforts, even stating to Plaintiffs that "you need to do what you need to do."  Most recently, Defendants caused further delay by improperly filing a "Motion to Reopen" by letter to Judge McMahon, which the Court promptly disposed of, including commentary on Defendants' filing.  Now that the matter has been transferred to the District of New Jersey, Defendants have filed an answer with an inappropriate two paragraph "counterclaim", with no factual allegations and just two conclusory paragraphs.  Defendants are either attempting to stall any scrutiny of their abuse of the finances or do not understand federal practice.  The end result, however, has been continued detriment to the Plaintiffs, because no Order to Show Cause has been issued and, thus, Defendants have not been forced to submit a substantive response or to be transparent with what they have done to the company, for two additional months.

In light of the severity of the misdeeds, it is critical that Defendants be forced to provide all of the necessary financial information of Everest Foods and be barred from removing or taking any of the assets of the Company.  Therefore, we respectfully request a hearing or a telephone conference to discuss this matter at the Court's earliest opportunity.

Thank you for your generous consideration of these matters.

Respectfully submitted,

FLASTER/GREENBERG P.C.

*/s/ Jeffrey A. Cohen*

Jeffrey A. Cohen

Enclosures
cc:     Sanjay Chaubey (via email and ECF)

6273367 v1