UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY
...........................................................................X
                                                                          :
SIMRAN SERVICES LLC, MANDEEP OBEROI, MD.    :
NARINDARPAL NARULA and VIKRAM GUPTA
                                                                          :
                                                         :   Civil Case No.
                                                             17-CV-03808
                                    Plaintiffs,     :
                                                         :   ANSWER WITH
                                                             COUNTERCLAIMS
                    - against -                     :
                                                         :
EVEREST FOODS INC., RAJA JHANJEE, and    :
VICKY VIJ

                                                         :
                                    Defendants.     :
                                                         :
...........................................................X

Defendants, Everest Foods Inc., Raja Jhanjee, and Vicky Vij through their attorney Sanjay Chaubey answers the complaint and states upon information and belief as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1, of the Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2, of the Complaint

3. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3, of the Complaint

4. Contents of paragraph 4 are admitted.

1

5. Contents of paragraph 5 are admitted.

6. Contents of paragraph 6 are admitted.

7. Contents of paragraph 7 needs no response, as Court may review and interpret Stock Holder Agreement the document attached as 'Exhibit A' to the Complaint.

8. Contents of paragraph 8 needs no response, as Court may review and interpret the Stock Holder document.

9. Contents of paragraph 9 needs no response, as Court may review and interpret the Stock Holder document.

10. Contents of paragraph 10 are admitted.

11. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11, of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12, of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13, of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14, of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15, of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16, of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17, of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18, of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19, of the Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20, of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21, of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22, of the Complaint.

23. Contents of paragraph 23 needs no response as the Court may review and interpret Section 7 of the Stock Holder Agreement.

24. Contents of paragraph 24 are admitted.

25. Denies having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25, of the Complaint.

26. Contents of paragraph 26 of the Complaint are denied.

27. Contents of paragraph 27 of the Complaint are denied.

28. Contents of paragraph 28 of the Complaint are denied.

29. Contents of paragraph 29 of the Complaint are denied.

30. Contents of paragraph 30 of the Complaint are denied.

31. Contents of paragraph 31 of the Complaint are denied.

32. Contents of paragraph 32 of the Complaint are denied.

33. Contents of paragraph 33 of the Complaint are denied.

34. Contents of paragraph 34 of the Complaint are denied.

35. Contents of paragraph 35 of the Complaint are denied.

36. Contents of paragraph 36, needs no reply as the matter is subject of a Fact Finding Trial.

37. The tax returns were prepared by a CPA based on information and documents provided by the share holders.

38. The tax returns were prepared by a CPA based on information and documents provided by the share holders.

39. The tax returns were prepared by a CPA based on information and documents provided by the share holders.

40. Contents of paragraph 40 are stated as an example hence needs no response.

41. Contents of paragraph 41 of the Complaint are denied.

42. Contents of paragraph 42 of the Complaint are denied.

43. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

44. Contents of paragraph 44 of the Complaint are denied.

45. Contents of paragraph 45 are a prayer or legal submission to this Court, hence needs no response.

46. Contents of paragraph 46 is a legal submission to this Court, hence needs no response.

47. Contents of paragraph 47 is a legal submission to this Court, hence needs no response.

48. Contents of paragraph 48 is a legal submission to this Court, hence needs no response.

49. Contents of paragraph 49 is a legal submission to this Court, hence needs no response.

50. Contents of paragraph 50 is a legal submission to this Court, hence needs no response.

51. Contents of paragraph 51 is a legal submission to this Court, hence needs no response.

52. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

53. Contents of paragraph 53 of the Complaint are denied.

54. Contents of paragraph 54 of the Complaint are denied.

55. Contents of paragraph 55 of the Complaint are denied.

56. Contents of paragraph 56 of the Complaint are denied.

57. Contents of paragraph 57 is a legal submission to this Court, hence needs no response.

58. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

59. Contents of paragraph 59 of the Complaint are denied.

60. Contents of paragraph 60 of the Complaint are denied.

61. Contents of paragraph 61 of the Complaint are denied.

62. Contents of paragraph 62 of the Complaint are denied.

63. Contents of paragraph 63 of the Complaint are denied.

64. Contents of paragraph 64 of the Complaint are denied.

65. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

66. Contents of paragraph 66 needs no response as Plaintiff has referred to the document Stock Holder Agreement, dated May 14, 2013 which Court may review and interpret.

67. Contents of paragraph 67 of the Complaint are denied.

68. Contents of paragraph 68 of the Complaint are denied.

69. Contents of paragraph 69 of the Complaint are denied.

70. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

71. Contents of paragraph 71 are mere legal statements as such need no response.

72. Contents of paragraph 72 needs no response as Plaintiff has referred to the document Stock Holder Agreement, dated May 14, 2013 which Court may review and interpret.

73. Contents of paragraph 73 needs no response as Plaintiff has referred to the document Stock Holder Agreement, dated May 14, 2013 which Court may review and interpret.

74. Contents of paragraph 74 needs no response as Plaintiff has referred to the document Stock Holder Agreement, dated May 14, 2013 which Court may review and interpret.

75. Contents of paragraph 75 of the Complaint are denied.

76. The previous Responses are incorporated herein, by reference as though fully set forth again herein.

77. Contents of paragraph 77 of the Complaint are denied.

78. Contents of paragraph 78 are admitted to the extent that Jhanjee and Vij are owner of 35% interest in Everest, accordingly they are majority shareholders of the Defendant Corporation, and rest of the contents of paragraph 78 are denied.

79. Contents of paragraph 79 of the Complaint are denied.

80. Contents of paragraph 80 of the Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

81. The Complaint fails to disclose any cause of action against the answering defendants.

## SECOND AFFIRMATIVE DEFENSE

82. The complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFNSE

83. No cause of action ever accrued to the plaintiffs to commence the present action against the answering defendants.

## FOURTH AFFIRMATIVE DEFNSE

84. The court lacks personal jurisdiction over the answering defendant's as the complaint and summons were not served on the defendants as required under the provisions of FRCP.

## FIFTH AFFIRMATIVE DEFNSE

85. Plaintiff's claims are barred by the statues of frauds.

## SIXTH AFFIRMATIVE DEFNSE

86. If plaintiff suffered any loss, which is denied, such laws resulted solely from the fault of plaintiff.

## SEVENTH AFFIRMATIVE DEFNSE

87. The alleged loss of damage, if any occurred as a result of the fraudulent conduct of the plaintiff, thus answering defendant is not liable.

## EIGHTH AFFIRMATIVE DEFENSE

88. Plaintiff's have commenced this action with ulterior motives to harass the officers and major shareholders of the corporation and their respective wives,

## NINTH AFFIRMATIVE DEFENSE

89. Lack of standing.

## TENGTH AFFIRMATIVE DEFENSE

90. Plaintiff's have concealed material facts pertaining to Notices and Notices of Emergency Shareholders' Meeting called by defendants to discuss and resolve matters relating to recurring losses and further contributions.

## ELEVENTH AFFIRMATIVE DEFENSE

8

91. Plaintiffs have further failed to disclose that simultaneously Gourmet Food Merchant, LLC was also formed by the same parties to this action and both the businesses had repercussions on organization and operation of business of each corporation. In fact, both the corporations are owned by same parties and are causing significant losses. Plaintiffs are gainfully employed and practice their respective profession and make a decent living. Defendant Jhanjee and Vij are managing and operating both the businesses, and drawing salary and wages towards their employment with the Defendant Everest Foods Inc. Due to reoccurring losses and Plaintiffs' intentions to not to contribute further funds for operation of the businesses, Plaintiffs have wrongfully and with ulterior motives filed the present action.

## TWELTH AFFIRMATIVE DEFENSE

92. Plaintiffs have approached the Court with unclean hands. Plaintiffs have not disclosed that all the parties to the action have obtained loans in several million dollars from Small Business Administration (SBA) to acquire and operate the businesses. The same mortgage loan is in serious Default and despite Defendant's repeated requests for additional capital contributions towards repayment, plaintiffs have neglected to pay, arrange to pay, or attend the Share holders meetings to discuss an resolve the issue of nonpayment of mortgage loan. Defendants on their own initiative and their own resources including but not limited to incurring further financials loans have ensured payments to the SBA loan and other financial obligations of the corporations.

## AS AND FOR FIRST COUNTERCLAIM

93. Plaintiffs have neglected and failed to full fill their obligations as Shareholders of the Defendant Corporation.  Plaintiffs have failed to attend Shareholders meetings on all occasions, plaintiffs have failed to provide financial information and statements required by lending institutions.  Besides, plaintiffs have also failed to full fill their financial obligations to the defendant corporation and simultaneously formed other corporations.  Pursuant to Shareholders Agreement Defendants have provided Notice to Shareholders seeking additional capital contribution from the Shareholders.  Plaintiffs not only failed to attend the Shareholders meeting but also failed to contribute to the additional capital contribution.  Plaintiffs in order to save the respective businesses have not only met their financial obligations, but also incurred loans from time to time to pay the SBA Loan, real estate taxes, and other incidental expenses.  On this Counterclaim Defendants claim at least one million dollars and additional sums to be ascertained by the Court upon a fact finding trial.

## AS AND FOR SECOND COUNTERCLAIM

94. Plaintiffs are in complete breach of their agreement with Defendants.  Plaintiffs have filed this action to adjudicate the business and profit and loss of Defendant Everest Food Inc. without disclosing that the main reason for loss and need for further capital contribution results from nonpayment in the sum of approximately $400,000.00 from the Gourmet Food Merchant LLC.  Plaintiffs are equity Shareholders along with Defendant Jhanjee and Vij in that corporation.  To great

extent if, Everest is paid sum of $400,000.00 towards the unpaid debt, Defendant Everest will emerge out of debt and will be able to meet its financial obligations and resultantly will become a sustainable and profitable venture. On this Counterclaim, Defendants demand payment in the sum of $400,000.00 along with interest up to date.

## DEMAND FOR RELIEF

WHEREFORE, defendant demands judgment as follows:

a. Dismissing the complaint with prejudice.

b. Granting an award of at least $1,000,000.00 on the first counterclaim.

c. Granting an award of at least $400,000.00 on the second counterclaim.

d. Awarding defendant costs and disbursements of this action.

e. Granting defendant such other and further relief as the Court deems just and proper.

Dated: May 31, 2017

/s/

SANJAY CHAUBEY, Esq. (SC 3241)
*Attorney for Defendants*

18 East 41st St Ste 1704
New York, N Y 10118
Phone: (212) 563-3223
Fax:   (212) 563-4534

11

## AFFIRMATION OF SERVICE

I Sanjay Chaubey, attorney of record for Defendants state as under:

1. I am the attorney of record for the Defendants in the matter before United States District Court, Southern District of New York. The said case is transferred by, Order of the Court dated May 17, 2017 to the New Jersey District. As such I do not have access ECF filing with the New Jersey District. Upon inquiry we were informed by the Clerk of the Court that we should file paper copy of the Answer and Counterclaim as due date is June 2, 2017.

2. I further state that I have served a true copy of the said Answer with Counterclaims on the Plaintiffs attorney Jeffery Cohen of Flaster/Greenberg P.C., by Email.

New York, NY

05/31/2017

_____

Sanjay Chaubey, Esq. (SC-3241)

Attorney for Defendants