NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMRAN SERVICES LLC; MANDEEP OBEROI; NARINDARPAL NARULA; and VIKRAM GUPTA,<br><br>*Plaintiffs*,<br><br>v.<br><br>EVEREST FOODS INC.; RAJA JHANJEE; and VICKY VIJ,<br><br>*Defendants*. | Civil Action No. 17-3808<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.   INTRODUCTION

This matter comes before the Court by way of the above-captioned Plaintiffs' motion for a preliminary injunction with a temporary restraining order. D.E. 23. The Court *sua sponte* ordered the parties to submit a letter addressing the basis for the Court's subject matter jurisdiction. D.E. 27. After reviewing the parties' letter submissions, the Complaint, and the Notice of Removal, the Court finds that it does not have subject matter jurisdiction over this case. Therefore, this matter is remanded to the Superior Court of New Jersey, Essex County.

### II.   FACTS AND PROCEDURAL HISTORY

On March 30, 2017, Plaintiffs filed this matter in the Superior Court of New Jersey, Essex County. Compl. (D.E. 1-1). In the Complaint, Plaintiffs allege that Simran Services LLC ("Simran") and Mandeep Oberoi, Narinderpal Narula, and Vikram Gupta are all New Jersey

residents.[1] *Id.* ¶¶ 1-3. Plaintiff states that Defendant Everest Foods Inc. ("Everest") is a New York Corporation with a principal place of business in New York, and that Defendants Raja Jhanjee and Vicky Vij (the "Individual Defendants") are both New Jersey residents. *Id.* ¶¶ 4-6.

The day after Plaintiffs served Defendants with the Complaint, Defendants removed this matter to the Southern District of New York. D.E. 1. In the Notice of Removal, Defendants acknowledged that Jhanjee and Vij "are citizen[s] of the same state as [P]laintiff[s]." *Id.* ¶ 7. Defendants stated that the citizenship of Jhanjee and Vij "should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 [the diversity statute] and 28 U.S.C. § 1441(b) [the removal statute] on the ground that there is no possibility that [P]laintiff[s] will be able to establish liability against" Jhanjee and Vij. *Id.*

On May 17, 2017, the Southern District of New York *sua sponte* transferred the case to the District of New Jersey because it had been improperly removed to New York. D.E. 9. The court stated that "[a]s this litigation was initiated in New Jersey state court, the only federal district court in which Defendants could have filed their notice of removal was the U.S. District Court for the District of New Jersey." *Id.* The Southern District did not address subject matter jurisdiction.

After the case was transferred to this District, Plaintiffs filed a motion to dismiss Defendants' counterclaims and a motion for a preliminary injunction. D.E. 22 & 23. In lieu of ruling on the motions, the Court entered an order directing the parties to submit a letter addressing the Court's has subject matter jurisdiction. D.E. 27. Both Plaintiffs and Defendants filed timely submissions in response to the Court's order. D.E. 28 & 29.

---

[1] Plaintiffs Oberoi and Narula are the two members of Simran. *See Colmer v. ICCS Co., LLC*, No. 08-2737, 2009 WL 1973547, at *3 (D.N.J. July 7, 2009) ("The citizenship of a limited liability company is determined like that of a limited partnership, by imputing to it the citizenship of its members.").

### III.  LAW AND ANALYSIS

As an initial matter, neither party contends that there is federal question subject matter jurisdiction in this case. Nor does the Court see any requisite causes of action raised in the Complaint. Therefore, the only question is whether there is diversity jurisdiction.

Defendants acknowledge that "[i]t is undisputed[] that the plaintiffs in this case are citizens of the State of New Jersey and the individual defendants in this case are also citizens of the State of New Jersey." D.E. 29 at 2. Defendants contend, however, that Plaintiffs have not made a timely motion to remand, and therefore have waived their rights to dispute federal subject matter jurisdiction. *Id.* Plaintiffs also maintain that this case should remain in federal court. Plaintiffs argue that "[i]n their Notice of Removal, Defendants represented that complete diversity existed because the individual defendants were citizens of New York for the purposes of this action." D.E. 28 at 2. If, however, this matter is remanded to state court, Plaintiffs request that the Court award "all costs" related to these proceeding. *Id.* at 4. The Court finds both Defendants and Plaintiffs' arguments unpersuasive.

To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Regardless of whether the issue is raised by the parties, the "Court has the ability and obligation to address concerns of subject matter jurisdiction *sua sponte*." *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007). Importantly, "[o]ne of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred upon a court by consent of the parties." *Gosa v. Mayden*, 413 U.S. 665, 707 (1973). "If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the Complaint and Notice of Removal indicate that Plaintiffs and the Individual Defendants are New Jersey residents. This destroys diversity and deprives the Court of subject matter jurisdiction. *Clements v. Sanofi-Aventis, U.S., Inc.*, No. 14-1423, 2016 WL 1298043, at *2 (D.N.J. Mar. 17, 2016), *report and recommendation adopted*, No. 14-1423, 2016 WL 1276148 (D.N.J. Apr. 1, 2016) (noting that diversity jurisdiction requires complete diversity of citizenship; *i.e.* the citizenship of "every plaintiff must be different from that of any defendant"). Defendants' argument that Plaintiffs have waived their right to contest jurisdiction is unavailing. Parties may not consent to a federal court's subject matter jurisdiction. *See Gosa*, 413 U.S. at 707. Moreover, while Plaintiffs are correct that Defendants stated in their Notice of Removal that there is "complete diversity of citizenship between [P]laintiff[s] and [D]efendant[s]," such a statement does not change the fact that Plaintiffs and the Individual Defendants are New Jersey residents. Indeed, in their letter to the Court addressing subject matter jurisdiction, Plaintiffs do not contend that Defendants are diverse. In short, Plaintiffs and the Individual Defendants are all residents of New Jersey and there is no diversity of citizenship, thus depriving the Court of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, this matter is remanded to the Superior Court of New Jersey, Essex County. Plaintiffs' request for costs related to these proceedings is denied. An appropriate Order accompanies this Opinion.

Dated: July 18, 2017

John Michael Vazquez, U.S.D.J.

4